UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTI HANKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17-cv-01323-AGF |
| | ) | |
| NANCY A. BERRYHILL, Deputy | ) | |
| Commissioner for Operations, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Kristi Hanke was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, or supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. For the reasons set forth below, the decision of the Commissioner will be affirmed.

## BACKGROUND

Plaintiff, who was born on January 9, 1975, protectively filed her applications for benefits in May 2015, alleging disability beginning May 22, 2014, due to anxiety, depression, and attention deficit disorder ("ADD"). On June 29, 2015, Plaintiff's applications were denied at the initial administrative level, and she thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on October 21, 2016, at which Plaintiff, who was represented by

counsel, and a vocational expert ("VE") testified. By decision dated November 18, 2016, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels as defined by the Commissioner's regulations, except that Plaintiff had the following non-exertional limitations:

> [She] is limited to simple, routine, tasks; must have minimal changes in job setting and duties; no contact with the general public; only occasional contact with coworkers and supervisors; no handling of customer complaints; no fast paced production work; can only work in small, familiar groups of five or less people; and contact with coworkers and supervisors, while occasional, can only be brief and superficial.

Tr. 14.

The ALJ next found that Plaintiff could perform certain unskilled jobs listed in the Dictionary of Occupational Titles ("DOT") (order picker, hand packager, or small products assembler), which the VE testified that a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were available in significant numbers in the national economy. Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. Plaintiff filed a timely request for review by the Appeals Council of the Social Security Administration, which was denied on March 10, 2017. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

Plaintiff argues that the ALJ's RFC finding is not supported by medical evidence and is erroneous because the ALJ failed to properly evaluate the medical opinion evidence provided by Plaintiff's primary care provider, Cassandra Edwards, D.O., and Plaintiff's

licensed professional counselor, Theresa Schroeder, L.P.C. Plaintiff asks that the ALJ's decision be reversed and that she be awarded benefits, or alternatively, that the case be remanded for further development of the record.

**Agency Records, Medical Records, Evidentiary Hearing, and ALJ's Decision**

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Facts, which is contained in Plaintiff's brief (ECF No. 14), as amended by Defendant (ECF No. 19-1), and Defendant's Statement of Additional Facts (ECF No. 19-2), which Plaintiff has not opposed. Together, these statements provide a fair description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

## DISCUSSION

**Standard of Review and Statutory Framework**

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm

the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability. The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments. A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). A special technique is used to determine the severity of mental disorders. This technique calls for rating the claimant's degree of limitations in four areas of functioning: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's

4

impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations. If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work. If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience. *See, e.g., Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). When a claimant cannot perform the full range of work in a particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006).

**RFC Finding and Weight of Medical Opinions**

"Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* Here, the Court concludes that the ALJ's RFC determination is supported by sufficient medical evidence.

Under the applicable social security regulations,[1] the opinion of a treating physician

---

[1] For claims filed on or after March 27, 2017, the regulations have been amended to eliminate the treating physician rule. The new regulations provide that the Social Security

is "normally entitled to great weight." *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018) (citation omitted). "However, the Commissioner may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence," and "[t]he Commissioner may also assign little weight to a treating physician's opinion when it is either internally inconsistent or conclusory." *Id.* "In considering how much weight to give a treating physician's opinion, an ALJ must also consider the length of the treatment relationship and the frequency of examinations." *Casey v. Astrue*, 503 F.3d 687, 692 (8th Cir. 2007).

Only an acceptable medical source can be considered a "treating source" who can establish the existence of a medically determinable impairment. *Zeier v. Colvin*, No. 415CV00156RWS (SPM), 2016 WL 1068995, at *8 (E.D. Mo. Feb. 26, 2016) (citing Social Security Ruling 06-03p, 2006 WL 2329939, at *2), *report and recommendation adopted*, No. 4:15 CV 156 RWS, 2016 WL 1060371 (E.D. Mo. Mar. 17, 2016). Licensed professional counselors are not acceptable medical sources, but they are considered "other" medical sources who may present evidence of the severity of the claimant's impairment and the effect of the impairments on the claimant's ability to work, but whose opinion may be discounted if inconsistent with the evidence in the record. *Lawson v. Colvin*, 807 F.3d 962, 967 (8th Cir. 2015); *see also Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005)

---

Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources," but rather, the Administration will consider all medical opinions according to several enumerated factors, the "most important" being supportability and consistency. 20 C.F.R. § 404.1520c.

("In determining what weight to give 'other medical evidence,' the ALJ has more discretion and is permitted to consider any inconsistencies found within the record.")

Here, the ALJ did not entirely disregard the opinion of Plaintiff's primary care physician, Dr. Edwards, or Plaintiff's licensed professional counselor, Schroeder, and the ALJ provided good reasons for assigning those opinions little weight. Dr. Edwards opined that Plaintiff had no useful ability to function in almost all areas of mental functioning, including working in coordination with others, making simple work-related decisions, and maintaining attention for a two-hour segment. Tr. 461. Dr. Edwards further opined that Plaintiff could not use public transportation due to her severe anxiety. Tr. 462. The ALJ concluded that Dr. Edwards's opinions were inconsistent with her own treatment records, the records of Plaintiff's prior primary care physician, and the single treatment record of a psychiatrist with whom Plaintiff visited once, but to whom she never returned. As the ALJ noted, these records reflected that Plaintiff's mental status examinations were consistently normal, and they further indicated that Plaintiff had taken the same medication at the same dosage for years, she believed the medication was effective, and she refused any adjustment in medication. Moreover, as the ALJ noted, Dr. Edwards had only become Plaintiff's primary care provider in January 2016, and had only treated Plaintiff a few times (in total, four).

The ALJ also considered the RFC questionnaire completed by Schroeder (Tr. 438), who opined that Plaintiff was unable to meet competitive standards or had no useful ability to function in a number of areas, including working with others and making simple work

7

related decisions. The ALJ properly considered Schroeder's opinion as one from an "other" medical source, in accordance with Social Security Ruling 06-03p, and discounted her opinion as inconsistent with her own treatment records and with the other medical evidence discussed above.

The ALJ further discounted Dr. Edwards's and Schroeder's opinions to the extent they were based on Plaintiff's subjective complaints that she could never leave the house and could not maintain sufficient attention to complete even simple, routine tasks. The ALJ properly concluded that these complaints were contradicted by the evidence in the record that Plaintiff was able to schedule and attend medical appointments on a regular basis through transportation arranged by her insurance company; took public transportation to grocery shop or visit a pharmacy on occasion; regularly cared for her eight-year-old son; attended at least two school events for her son and felt comfortable with the small group of people present at those events; and was willing to see a new primary care physician (Dr. Edwards) without apparent distress. Finally, the ALJ correctly noted that Plaintiff's application for and receipt of unemployment benefits during the relevant period undermined her allegation of disability. *See Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) ("Applying for unemployment benefits adversely affects credibility, although it is not conclusive, because an unemployment applicant must hold himself out as available, willing and able to work.").

The ALJ found that the opinion (Tr. 50, 58) of non-examining state agency psychologist, Margaret Sullivan, Ph.D., was more consistent with the record. Dr. Sullivan

opined that Plaintiff had only moderate limitations in activities of daily living and in maintaining concentration, persistence, or pace, and only mild limitations in social functioning. However, the ALJ found that Plaintiff was more restricted in social functioning than Dr. Sullivan had assessed. In particular, based on Dr. Edwards's and Schroeder's opinions, as well as the other evidence of record, the ALJ reduced the social interaction, skill level, and pace of work in Plaintiff's RFC, limiting her to only simple, routine tasks; minimal changes in job setting and duties; no fast paced production work; working with only small, familiar groups of no more than five people; no contact with the public; and only occasional, brief, and superficial contact with coworkers and supervisors.

Although the record could also support a different conclusion, the Court cannot say that the ALJ's decision was outside the zone of choice. In *Julin v. Colvin*, 826 F.3d 1082 (8th Cir. 2016), the Eighth Circuit affirmed an ALJ's similar RFC finding as supported by medical evidence, notwithstanding the claimant's insistence that she could not tolerate any human interaction and her treating physician's opinion in support of that contention. There, as here, the ALJ "reduced the skill level, social interaction, and pace of work" based on the treating physician's opinion. *Julin*, 826 F.3d at 1089. But the ALJ also "considered the views of the state-agency medical consultants, and . . . conducted an independent review of the medical evidence" and other evidence in the record, including evidence that the claimant attended medical appointments, shopped, reported that medication was effective in relieving her symptoms, and refused or resisted changes in medication or course of treatment. *Id.* at 1087-89.

In sum, upon review of the record, the Court concludes that the ALJ's decision is supported by substantial evidence in the record as a whole.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated on this 23rd day of May, 2018.